Officer Michael N. Henderson Little Rock Police Department 6600-G River Valley Marina Rd. Little Rock, AR 72223
Dear Officer Henderson:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Little Rock Police Department for a copy of your personnel file. It is my understanding that the custodian of the records has determined that your personnel file should be released, except the following:
 • Records the release of which would constitute a clearly unwarranted invasion of your personal privacy. Under this exception, the custodian has determined that records reflecting the background investigation conducted by the department when you were first under consideration for employment should not be released.
• Medical records.
 • Employee evaluation and job performance records that did not form the basis of any decision to suspend or terminate you.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of this file is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
I must note that I have not been provided with copies of the records in your file and therefore cannot opine definitively concerning the releasability of any particular record.
Nevertheless, it is my opinion, as explained more fully below, that the custodian's decision to release your personnel file, with the exceptions stated above, is generally consistent with the FOIA, although further matters should also be considered in making a decision about the release of the records. In explaining my conclusion regarding this matter, I will address your specific questions.
You have asked:
 (1) Is not the release for reviews of my personnel file exempt from the intent of the FOIA and an unwarranted invasion of my privacy (as excluded by A.C.A. § 25-19-105(b)(10))?
 (2) Is not the release of my employee evaluations or job performance records, as relating to suspension/termination proceedings, excluded due to the lack of records forming the basis of the suspension/termination proceedings and due to lack of compelling public interest (A.C.A. § 25-19-105(c)(1))?
RESPONSE
Question 1 — Is not the release for reviews of my personnel file exemptfrom the intent of the FOIA and an unwarranted invasion of my privacy (asexcluded by A.C.A. § 25-19-105(b)(10))?
You argue, first, that the FOIA should apply only to the records of elected public officials, and not to mere employees. This interpretation is incorrect. The FOIA applies to all "public records." The term "public records" is defined in the FOIA as follows:
 "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1) (emphasis added). The plain language of the FOIA itself clearly indicates an intent that the Act apply to records reflecting the work of public employees, as well as elected public officials.
You also argue that any review of your file would constitute an unwarranted invasion of your personal privacy, because all facts and circumstances surrounding any disciplinary action against you would not necessarily be reflected in your file, thus leading to incorrect assumptions about your character and integrity.
The concept of a "clearly unwarranted invasion of personal privacy" has application, under the FOIA, only to records that can be classified as "personnel records."[1] Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. Unless the custodian of the personnel records in your personnel file can establish factually that the release of these records would constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the records outweighs the public's interest in the records), the "personnel records" exemption will not apply to these records, and they should be released. (It should be noted that certain information, such as your social security number, and any unlisted telephone numbers must be redacted from these records prior to their release. Your home address and listed telephone number can also be redacted if the facts are such that you have a heightened privacy interest in this information [e.g., if it is likely to be used to harass you and its disclosure does not further the purposes of the FOIA]. SeeStilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-016.)
The FOIA can only compel the disclosure of records that exist. The fact that further records reflecting on a particular incident may not exist in your file is offset by the fact that you are free to make such mitigating information public.
Question 2 — Is not the release of my employee evaluations or jobperformance records, as relating to suspension/termination proceedings,excluded due to the lack of records forming the basis of thesuspension/termination proceedings and due to lack of compelling publicinterest (A.C.A. § 25-19-105(c)(1))?
You are correct (as is the custodian of the records) that employee evaluations or job performance records cannot be released if they did not form the basis for any suspension or termination decision against you. This requirement is actually one of three conditions for the release of such records.
Under the FOIA, such records[2] can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
You express particular concern with whether there is a "compelling public interest" in your evaluation and job performance records. You state the view that the requestor has not established such an interest. Under the FOIA, the custodian has the responsibility for determining whether such an interest exists. The burden in this regard is not on the requestor of the records. See Op. Att'y Gen. No. 98-210. (The custodian's decision can, of course, be challenged in court. A.C.A. § 25-19-107).
Following are some of the considerations that must be made by the custodian in determining whether a "compelling public interest" exists. First, the phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "the nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, supra. at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
If, after considering all of the facts and circumstances, the custodian determines that there is a compelling public interest in your employee evaluations and job performance records, those records should be released (assuming that the other two conditions for release have been met). I reiterate that you may challenge the custodian's decision. Moreover, if you believe that full disclosure of available records or information is not being made, you can make mitigating information available to the public.
Finally, I must comment on the custodian's decision not to release any records reflecting your background investigation. This office has opined on numerous occasions that a blanket denial of access to all background investigation records may be inconsistent with the FOIA. See Ops. Att'y Gen. Nos. 98-101, 97-286, 96-368, 95-242, 94-113, and 92-319. The FOIA does not provide a blanket exemption for background investigations. For this reason, records reflecting a background investigation must be examined individually and separately to determine whether each such record is disclosable, whether it falls under a specific exemption from disclosure, or whether particular information should be redacted from the records prior to disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some interpretive discussion of the issue that could be helpful in evaluating particular records. Professor Watkins notes that "virtually all records pertaining to individual employees, former employees, or job applicants are covered by [A.C.A. § 25-19-105(b)(10)." Watkins, The Arkansas Freedomof Information Act, (mm Press 2d ed. 1994) at 125. He goes on to give specific examples of the types of records that could constitute personnel records, suggesting that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Id. at 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
[2] The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.